**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**JOEL C. WEINEKE**
Weineke Law Office, LLC
Plainfield, Indiana

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT HENKE**
**KARRIE MCCLUNG**
**CHRISTINE REDELMAN**
DCS Central Administration
Indianapolis, Indiana



FILED

Feb 26 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MATTER OF A.R., et al., ALLEGED CHILDREN IN NEED OF SERVICES: | ) ) ) ) |
| T.M., (Mother), | ) ) |
| Appellant- Respondent, | ) ) |
| vs. | ) No. 52A02-1205-JC-388 ) |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Petitioner. | ) ) |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert Spahr, Judge
Cause Nos. 52C01-1111-JC-59
52C01-1111-JC-60
52C01-1111-JC-61
52C01-1111-JC-62

**February 26, 2013**


**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**


**ROBB, Chief Judge**

Mother has petitioned for rehearing in this case. In our opinion, we held that there was sufficient evidence to support the trial court's determination that Mother's four children were CHINS. In re A.R., 979 N.E.2d 1070 at *4, No. 52A02-1205-JC-388 (Ind. Ct. App. Dec 10, 2012). We grant Mother's petition for rehearing for the sole purpose of clarifying our reading of the record, and we otherwise affirm our opinion in all other respects.

In our opinion, we concluded that the court's findings of fact regarding Mother's drug use were not enough, alone, to support the first prong of the statute regarding a finding of CHINS, because there was no evidence that the drug use occurred while Mother was supervising the children or when the children were present. Id. at *2. However, we also concluded that the combination of Mother's drug use with the court's finding that Mother neglected to ensure the children were properly cared for was enough to meet the first prong. Id. at *3. In support of the finding that Mother neglected to ensure the children were cared for, we referenced a DCS pre-dispositional report which was submitted without objection, and which noted several incidents which supported the court's finding. We stated that the report was submitted at the fact-finding hearing. Id.

Mother petitions for rehearing on the ground that the report was submitted after

the fact-finding hearing had concluded, and was submitted for purposes of the dispositional hearing only. Mother argues that it is therefore inappropriate to use that report as support for a finding of CHINS, and that there is nothing else in the record to support the finding of the court that Mother neglected to ensure that the children were properly cared for. After reviewing the record, we agree that the pre-dispositional report was submitted after the fact-finding hearing was concluded and was therefore irrelevant to the court's finding of the children being CHINS. See In re K.D., 962 N.E.2d 1249, 1259 (Ind. 2012) ("We also point out that parents have [fewer] protections in a dispositional hearing than they have in a fact-finding hearing. Therefore, it would be advantageous for DCS to proceed to a contested dispositional hearing and bypass the fact-finding hearing. At a dispositional hearing, the juvenile court can admit the dispositional report of DCS even if it includes hearsay."); T.Y.T. v. Allen Cnty. Div. of Family & Children, 714 N.E.2d 752, 756 (Ind. Ct. App. 1999) ("At a fact-finding hearing, the court decides only whether the child is a CHINS based upon the criteria set out in the CHINS statute. A CHINS finding need only be supported by sufficient evidence that a child is a CHINS as defined in the CHINS statute."); Hallberg v. Hendricks Cnty. Office of Family & Children, 662 N.E.2d 639, 643 (Ind. Ct. App. 1996) ("We have held that once a trial court determines that a child is a CHINS, the trial court is required to hold a dispositional hearing because the finding of CHINS is a mere preliminary step to be taken prior to choosing among several different dispositional alternatives.").

However, review of the record also reveals other testimony, presented during the

fact-finding hearing, which supports the court's finding that Mother neglected to ensure the children were properly cared for. Testimony from David Balmer, a family case manager with DCS, indicated that Mother was the subject of another substantiated report after DCS became involved in her case. The complaint was that there was trash in the home, the utilities had been turned off, and the kids were not being offered food. An objection to this testimony was overruled.

We conclude that this testimony was sufficient to support the finding of the trial court that Mother neglected to ensure the children were properly cared for, and we affirm our original opinion in all other respects.

MAY, J., and PYLE, J., concur.